IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MATTHEW CAMPBELL,

          Plaintiff,

    v.

STATE OF OREGON; OREGON DHS;
CARES NW; and MULTNOMAH COUNTY,

          Defendants.

Case No. 3:21-cv-00369-AC

ORDER TO DISMISS

IMMERGUT, J.

       Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pursuant to an Order entered this date, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*.  However, for the reasons set forth below, the Court dismisses Plaintiff's Complaint.

## **BACKGROUND**

       Plaintiff names as defendants the State of Oregon, Oregon DHS, Cares NW, and Multnomah County.  Plaintiff's Complaint is an eleven-page narrative statement which does not contain a short

1 - ORDER TO DISMISS

an plain statement of Plaintiff's claims. Plaintiff appears to challenge the investigation and prosecution of criminal sex offenses against him. He contends that unidentified police officers falsely arrested him and that unidentified persons who interviewed the victim(s) used suggestive questioning tactics. By way of remedy, Plaintiff seeks money damages and the dismissal of all criminal charges against him.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623-24 (9th Cir. 1988); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

### I.    Procedural Deficiencies

Pursuant to Rule 3 of the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Pursuant to Rule 8(a)(2) of the Federal Rules of Civil

Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Each allegation must be simple, concise and direct." Fed. R. Civ. P. 8(d)(1). If the factual elements of a cause of action are scattered throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988); *see also Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (district court may dismiss an action with prejudice due to a litigant's failure to comply with Rule 8(a) if meaningful, less drastic sanctions have been explored); *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (complaints that are "argumentative, prolix, replete with redundancy, and largely irrelevant" and that "consist[] largely of immaterial background information" are subject to dismissal under Rule 8); *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling"). Plaintiff's Complaint does not satisfy the pleading requirements of Rule 3 or Rule 8.

## II.    Substantive Deficiencies

To state a claim under 42 U.S.C. § 1983, a complaint must allege that a defendant, while acting under color of state law, caused a deprivation of the plaintiff's federal rights. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted). A § 1983 plaintiff must establish both causation-in-fact and proximate (*i.e.*, legal) causation. *See Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008). Allegations regarding Section 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused

a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citations omitted). "Sweeping conclusory allegations [regarding causation] will not suffice[.]" *Id.* (citation omitted).

Defendants State of Oregon and Oregon DHS are immune from suit. The Eleventh Amendment preserves the sovereign immunity of the states by providing the judicial power of the United States "shall not be construed to extend to any suit in law or equity, commenced or prosecuted" against a state. "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state. The Eleventh Amendment jurisdictional bar applies regardless of the nature of relief sought and extends to instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of Nevada Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (internal quotations and citations omitted); *see also McCall v. Oregon*, Case No. 3:12-cv-00465-PK, 2013 WL 6196966, at *8 (D. Or. Nov. 13, 2013) ("[t]he State of Oregon has not waived it immunity" in § 1983 cases).

"Persons" under 42 U.S.C. § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F.Supp. 993, 995-96 (N.D. Cal. 1996). A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691 (1978). Multnomah County may not be held vicariously liable under § 1983 simply based on allegedly unconstitutional acts of its employees. *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691. Instead, a municipality such as a county may be held liable "when execution of a government's policy or custom . . . inflicts the injury." *Monell*, 436 U.S. at 694.

4 - ORDER TO DISMISS

Plaintiff does not allege facts supporting a claim that the actions allegedly taken by unidentified county employees in this case amounted to execution of a government policy or custom. Accordingly, Plaintiff does not state a claim against Multnomah County upon which relief may be granted.

As noted, to obtain relief under § 1983, a plaintiff must plead that a person "acting under color of state law" violated plaintiff's rights. Acts "'under color of state law' refer to acts attributable to states of the United States." *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511, 1518 (9th Cir. 1987) (quoting 42 U.S.C. § 1983). A defendants acts "under color of state law" where he or she "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

Here, Plaintiff does not allege facts establishing that defendant Cares NW acted under color of state law. Accordingly, Plaintiff's claims against this defendant must be dismissed.

Finally, to the extent Plaintiff seeks the exclusion of evidence in his criminal proceedings or dismissal of the charges against him, Plaintiff's claims are subject to dismissal. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (federal courts must abstain from interfering with pending state court proceedings absent extraordinary circumstances). To the extent Plaintiff seeks money damages, his claims may not continue at least until after the criminal case against him is resolved and a stay of the case pending that resolution is appropriate. *See Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004) ("when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending") (emphasis in original). As such, should Plaintiff file an Amended Complaint curing the other deficiencies noted above, Plaintiff is advised that this

5 - ORDER TO DISMISS

action will be stayed pending resolution of his state criminal proceedings. Should Plaintiff be convicted, the action will be subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

## CONCLUSION

Based on the foregoing, the court DISMISSES Plaintiff's Complaint. Plaintiff may file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an Amended Complaint shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this  9th  day of June, 2021.

Karin J. Immergut
United States District Judge